IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12cv24

| | |
|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida Non-Profit Corporation; and DENISE PAYNE, individually, <br><br> Plaintiffs, <br><br> v. <br><br> W&K OF ASHEVILLE, LLC, a North Carolina Domestic Corporation, <br><br> Defendant. | MEMORANDUM AND RECOMMENDATION |

Pending before the Court is Defendant's Motion to Dismiss [# 9]. Plaintiff brought this action against Defendant alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"). Defendant moves to dismiss the Complaint for lack of standing. Plaintiff, who is represented by counsel, filed a response outside the time for doing so, and the Court struck the response and the attached documents from the record. (Order, Apr. 20, 2012.) Accordingly, neither the response of Plaintiff nor the attached documentation is currently before this Court. The Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss [# 9].

-1-

I.     **Background**

Plaintiff Denise Payne is a resident of Florida. (Pl.'s Compl. ¶ 5.) Plaintiff Payne suffers from cerebral palsy and ambulates with a wheelchair. (Id.) Plaintiff National Alliance for Accessibility, Inc. ("National Alliance") is a Florida non-profit corporation whose purpose "is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities." (Id. ¶¶ 1, 13.)

Defendant W & K of Asheville, LLC is a North Carolina corporation that owns or operates a Four Points by Sheraton hotel in Asheville, North Carolina. (Id. ¶¶ 2, 14.)

Plaintiff Payne alleges that she previously visited the Four Points hotel at issue and encountered architectural barriers on the property that discriminated against her on the basis of her disability. (Id. ¶¶ 5, 8, 14.) Specifically, she contends that the Four Points hotel is a place of public accommodation under the ADA and that the property fails to comply with a number of the Americans with Disabilities Act Accessibility Standards. (Id. ¶¶ 14, 16.) Plaintiff Payne also alleges that she intends to return to the property on April 19, 2012, and stay at the Defendant's hotel. (Id. ¶ 11.) Plaintiffs brought this action for injunctive relief

under the ADA, attorneys' fees, costs, and expenses. Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant's motion is now properly before the Court.

## II. Legal Standard

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Fed. R. Civ. P. 12(b)(1). A defendant's challenge to a plaintiff's standing to assert a claim is properly considered pursuant to a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. See White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005). In ruling on a motion to dismiss under Rule 12(b)(1), the Court may consider evidence outside the pleadings without converting a defendant's motion to one for summary judgment. Id.; Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991). Ultimately, the burden of proof is on the plaintiff to demonstrate that the Court has subject-matter jurisdiction over a dispute. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

## III. Analysis

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. Doe v. Obama, 631 F.3d 157, 160 (4th Cir. 2011); Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 629 F.3d

387, 396 (4th Cir. 2011). The doctrine of "standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992). "This requirement ensures that a plaintiff has a personal stake in the outcome of a dispute, and that judicial resolution of the dispute is appropriate." Gaston Copper, 629 F.3d at 396. In order to satisfy the constitutional requirements for standing, a plaintiff must demonstrate:

> 1) he or she suffered an "injury in fact" that is concrete and particularized, and is actual or imminent; 2) the injury is fairly traceable to the challenged action of the defendant; and 3) the injury likely will be redressed by a favorable decision.

Id.; see also Lujan, 504 U.S. at 560-61, 112 S. Ct. at 2136.[1]

In certain circumstances, an organization may also have standing to assert claims on behalf of its members. Gaston Copper, 629 F.3d at 396-97. As the United States Supreme Court has explained:

> An association has standing to bring suit on behalf of its members when its members would have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires individual members' participation in the lawsuit.

---

[1] In addition to these constitutional requirements, a plaintiff must satisfy any statutory requirements for standing applicable to the specific claims the plaintiff asserts. Gaston Copper, 629 F.3d at 396.

Friends of the Earth, Inc. v. Laidlaw Env't Servs., 528 U.S. 167, 169, 120 S. Ct. 693, 697 (2000). Accordingly, an organization such as Plaintiff National Alliance must demonstrate that one of its members would have standing to assert the claims in the member's own right. Gaston Copper, 629 F.3d at 397. Finally, the party claiming that the Court has jurisdiction over a dispute has the burden of establishing standing. Mirant Potomac River, LLC v. United States Environmental Protection Agency, 577 F.3d 223, 226 (4th Cir. 2009).

In the context of an action seeking injunctive relief pursuant to the ADA, a plaintiff can only satisfy the injury-in-fact element of standing where the plaintiff alleges facts "giving rise to an inference that he will suffer future discrimination by the defendant." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 948 (9th Cir. 2011); Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2nd Cir. 2008); Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 561 (3rd Cir. 2002); Clark v. Buger King Corp., 255 F. Supp. 2d 334, 342-43 (D.N.J. 2003); Small v. Gen. Nutritional Cos., Inc., 388 F. Supp. 2d 83, 87 (E.D.N.Y. 2005). A plaintiff satisfies this standard by showing that she previously encountered architectural barriers at a location and intends to return to that location in the future. Access 4 All, Inc. v. Trump Int'l Hotel and Tower Condo., 458 F. Supp. 2d 160, 167-68 (S.D.N.Y.

2006) (holding that plaintiff must show a plausible intent or desire to return to the location where she initially encountered the discrimination but for the barriers); Molski v. Arby's Huntington Beach, 359 F. Supp. 2d 938, 946 (C.D. Cal. 2005). "Intent to return to the place of injury 'some day' is insufficient." Small, 388 F. Supp. 2d at 87; see also Lujan, 504 U.S. at 564, 112 S. Ct. at 2138; Steger v. Franco, Inc., 228 F.3d 889, 893 (8th Cir. 2000); Access 4 All, 458 F. Supp. 2d at 168.

As a threshold matter, the Court notes that this is not the first time that this Court and other courts in this Circuit have examined whether Plaintiff Payne has standing to assert an ADA claim against other businesses. As of March 28, 2012, Plaintiff Payne had filed at least 229 ADA cases in federal court. (Mody Aff. ¶ 2, Mar. 29, 2012.) This number grew to 292 ADA cases by September 4, 2012. Nat'l Alliance for Accessibility, Inc. v. Macy's Retail Holdings, Inc., No. 1:11cv877, 2012 WL 5381490 (M.D.N.C. Oct. 30, 2012.) Of these 229 cases, Plaintiff Payne filed 31 in the Eastern District of North Carolina, 21 in the Middle District of North Carolina, and 12 in the Western District of North Carolina. (Mody Aff. ¶ 3.) Many of these complaints are virtually identical to the Complaint in this case and demonstrate the same pattern: Plaintiff visits a restaurant, shopping center, or hotel on a single occasion and then files an ADA lawsuit asserting

conclusory allegations that she plans on returning to the establishment at some later date.

Like Plaintiff Payne's prior cases, she has not met her burden of demonstrating in this case that she has standing to assert the ADA claims against Defendant because she fails to demonstrate a plausible intent or desire to return to the Four Points in the future, or that she would do so were it not for the architectural barriers.  See Macy's Retail, 2012 WL 5381490 (collecting cases in North Carolina dismissing Plaintiff's ADA suits for lack of standing).  As this Court and other federal courts in North Carolina have previously stated, Plaintiff Payne lives over seven hundred miles away in Florida.  See Nat'l Alliance for Accessibility, Inc. v. Horne-River Ridge II, LP, No. 1:10cv286, 2011 WL 1103791, at *3 (W.D.N.C. Mar. 3, 2011) (Howell, Mag. J.) (dismissing ADA suit by Plaintiff Payne for lack of standing); Access for the Disabled, Inc. v. Karan Krishna, Inc., No. 5:10cv123, 2011 WL 846854, at *4 (E.D.N.C. Mar. 8, 2011) (dismissing ADA suit by Plaintiff Payne for lack of standing); Nat'l Alliance for Accessibility, Inc. v. Waffle House, Inc., No. 5:10cv375, 2011 WL 2580679, at *2 (E.D.N.C. Jun. 29, 2011) (dismissing ADA suit by Plaintiff Payne for lack of standing). There are no allegations in the Complaint that Plaintiff Payne regularly visits Asheville.  In fact, most of the factual allegations address Plaintiff's travels

to Raleigh and Greensboro, which are not located near Asheville. (Pl.'s Compl. ¶ 6, 7, 9-10.) The Complaint reference only a lone trip to Asheville in October of 2010 when she stayed at Defendant's hotel. (Id. ¶ 8.) Moreover, Plaintiff Payne does not alleges that she has ever visited the Four Points at issue other than on the single occasion in 2010 that forms the basis of this Complaint.

Although the Complaint alleges that Plaintiff Payne intends to return to the Four Points at issue on April 19, 2012, in order to meet with individuals who live in Sylva and Marion (Id. ¶¶ 6, 11), the Court finds that such allegations are not plausible. As a threshold matter, the Court recognizes that Plaintiff Payne recently attempted to fabricate standing by misleading the Court in a similar manner in Nat'l Alliance for Accessibility, Inc. v. Bhuna Corp., 1:11cv79, 2011 WL 6935497 (W.D.N.C. Dec. 3, 2011) (Howell, Mag. J.). In Bhuna, Plaintiff Payne submitted an affidavit to the Court in response to defendant's motion to dismiss stating that she had a reservation for a hotel stay at the hotel in question in the future. Id. Plaintiff Payne, however, subsequently canceled the reservation. Id. As the Court expained in Bhuna:

> Plaintiff Payne may not artificially create standing in an ADA action by referencing a single, planned trip to a city over 700 miles from her home in the Complaint, making reservations for one night at each hotel she brings ADA claims against, and then cancel the reservations as the time approaches for taking the trip. Such manufactured lawsuits are, at best, disingenuous and undermine the genuine and important purpose of the

>ADA to remedy discrimination against individuals with disabilities, and, at worst, violate Rule 11 if counsel knew at the time she signed the pleadings that Plaintiff Payne would cancel the future reservation or had no actual intention to return to Asheville and stay at the hotels in question. See <u>Molski v. Mandarin Touch Rest.</u>, 347 F. Supp. 2d 860, 863 (C.D. Cal. 2004); <u>Steven Brother v. Tiger Partner, LLC</u>, 331 F. Supp. 2d 1368, 1375 (M.D. Fla. 2004); Fed. R. Civ. P. 11(b).

<u>Id.</u>

Plaintiff has engaged in similar gamesmanship in this case. Although Plaintiff alleges that she intends to return to Asheville and stay at the Four Points hotel on April 19, 2012 (Pl.'s Compl. ¶ 11), Plaintiff stated otherwise in a complaint filed in the Middle District of North Carolina (Ex. D. to Def.'s Mot. Dismiss). On January 18, 2012, Plaintiff brought an ADA action against a defendant that owns a hotel in Greensboro, North Carolina. (Ex. D to Def.'s Mot. Dismiss.) Plaintiff was represented by the same attorney in that case as is representing her in this action. (<u>Id.</u>) In that complaint, Plaintiff alleged that:

> Plaintiff Payne has another trip to North Carolina scheduled for April of 2012. On or about April 19, 2012, Denies Payne will fly into RDU airport in Raleigh. Plaintiff Payne plans to meet with ceratin business contacts in the Raleigh/Cary area. In addition, she will then travel west to the Greensboro area for further meetings. While in Greensboro, she intends to return to Defendant's mall for a third time. From there, she will travel to Winstom-Salem to meet with her attorney. From Winston-Salem, Plaintiff Payne plans to return to the Asheville area to meet with North Carolina members of her foundation . . . . During the above trip, Plaintiff Payne palsn to stay in a place of public accommodation **in the Greensboro and/or Winstom-Salem.**

(<u>Id.</u> at ¶ 12) (emphasis added.)

-9-

Like she tried to do in Bhuna, Plaintiff Payne is attempting to fabricate standing by making misleading and false factual allegations to the Court. Plaintiff alleged in Nat'l Alliance for Accessibility, Inc. v. GGP-Four Seasons, LLC that she planned on flying into Raleigh on April 19, 2012, where she would meet with business people in the Raleigh area and then travel to Greensboro for another meeting where she intended to visit a mall. After visiting this mall, Plaintiff intended on traveling to Winston-Salem to meet with her attorney. She planned on staying in either Greensboro or Winston-Salem, not the Four Points in Asheville, during this trip. Only after Plaintiff visited these other cities and stayed there did she plan on traveling to Asheville. Despite these prior allegations made in a Complaint filed only weeks prior to the Complaint in this case, on February 6, 2012, Plaintiff alleged that she planned on staying at the Four Points hotel on April 19, 2012 - the same date she was allegedly flying into Raleigh to begin her trip across North Carolina. (Pl.'s Compl. ¶ 11.) Either the factual assertions in the Complaint or the complaint in Nat'l Alliance for Accessibility, Inc. v. GGP-Four Seasons, LLC, were not true at the time they were made. In fact, based on Plaintiff's history of conduct in this Court, it might be that none of these allegations are true and Plaintiff never had any intention of taking any of these trips. Rather, the allegations were simply made in an attempt to fabricate standing

without any intention of actually carrying through with the trips.

The Court finds that the allegations in the Complaint that Plaintiff Payne plans to return to Asheville and plans on staying at the Four Points hotel if the barriers are corrected are insufficient to satisfy the constitutional requirements of standing because they lack any plausibility. As the United States District Court for the Eastern District of North Carolina recently held:

> It is implausible that Payne, a Florida resident who travels approximately once or twice a year to [North Carolina], plans to return to each of the thirty-two (32) properties in North Carolina she has sued for noncompliance with the ADA.

Waffle House, 2011 WL 2580679, at *3. The Court reaches the same conclusion as the Eastern District of North Carolina in Waffle House and that this Court reached in Bhuna - it is implausible that Plaintiff Payne plans to return to Asheville and stay at the Four Points based on the information properly before this Court. In fact, the only plausible reason she would do so would be to fabricate standing in this case.

Finally, Plaintiff Payne's situation is not like that of the plaintiff in Daniels v. Arcade, L.P., 477 Fed. App'x 125 (4th Cir. 2012), who lived 20 miles from the Market and alleged that he regularly shopped there and would continue to do so. The factual situation in Daniels is a far cry from the implausiable statements of Plaintiff Payne of her intent to return to Asheville - a city she alleges she

previously visited on one prior occasion in 2010 - to stay at a generic Four Points in order to meet with people who live in Marion and Sylva. As courts have found under similar circumstances as the present case, an individual such as Plaintiff Payne lacks standing to bring a claim under the ADA. Bhuna Corp., 2011 WL 6935497 (holding that Plaintiff Payne lacked standing to assert ADA claim against Quality Inn in Asheville); Nat'l Alliance for Accessibility, Inc. v. Triad Hospitality Corp., No. 1:11cv527, 2012 WL 996661 (M.D.N.C. Mar. 23, 2012) (holding that Plaintiff Payne lacked standing to assert an ADA claim against Quality Inn in Winston-Salem); Harty v. 42 Hotel Raleigh, LLC, No. 5:10cv60, 2011 WL 1252877 (E.D.N.C. Mar. 30, 2011) (holding that plaintiff lacked standing to bring claim under the ADA against the owner of a Hampton Inn); Tiger Partner, 331 F. Supp. 2d at 1373-74 (holding that plaintiff lacked standing to bring claim under the ADA against the Best Western Deltona Inn); Rosenkrantz v. Markopoulos, 254 F. Supp. 2d 1250, 1253 (M.D. Fla. 2003) (holding that plaintiff lacked standing to bring claim under the ADA against the owner of a motel in Florida); see also Macy's Retail, 2012 WL 5381490 (holding that Plaintiff Payne lacked standing to assert a claim against Macy's); Payne v. TR Assocs., LLC, No. 5:11cv628, 2012 WL 3113211 (E.D.N.C. Jul. 20, 2012) (holding that Plaintiff Payne lacked standing to bring ADA claim against a shopping center in Cary); Nat'l Alliance for

Accessibility, Inc. v. Big Lots Stores, Inc., No. 1:11cv941, 2012 WL 1440226 (M.D.N.C. Apr. 26, 2012) (holding that Plaintiff Payne lacked standing to assert an ADA claim against a Big Lots in High Point); Payne v. Sears, Roebuck and Co., No. 5:11cv614, 2012 WL 1965389 (E.D.N.C. May 31, 2012) (holding that Plaintiff Payne lacked standing to assert ADA claim against a Sears store); Nat'l Alliance for Accessibility, Inc. v. NCP Western Boulevard LLC, No. 5:11cv357, 2012 WL 3834931 (E.D.N.C. Sept. 4, 2012) (holding that Plaintiff Payne lacked standing to bring ADA claim against shopping center in Raleigh). Accordingly, the Court finds that Plaintiff Payne has not satisfied her burden of showing an actual or imminent injury sufficient to satisfy the injury-in-fact requirement of standing and, therefore, lacks standing to assert a claim under the ADA.

Like Plaintiff Payne, Plaintiff National Alliance also lacks standing to assert an ADA claim on behalf of its members. In order to have standing, National Alliance must demonstrate that one of its members has standing to aset claims against Defendant. See Gaston Copper, 629 F.3d at 397. Plaintiff Payne is the only member of National Alliance that the Complaint alleges visited the Four Points; the Complaint lacks any factual allegations concerning any other member of National Alliance. As discussed above, Plaintiff Payne lacks standing to assert ADA claims against Defendant. Because Plaintiff National Alliance has not shown

that one of its members has standing to assert ADA claims on his or her own behalf, it lacks standing to assert claims against Defendant on behalf of its members. The Court, therefore, **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss [# 9].

Additionally, the Court **DIRECTS** Plaintiff and her counsel to show cause in writing why the Court should not sanction her and/or her counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. The Court previously warned Plaintiff about making factual representations in her pleadings that she knew were not true. It appears from the two complaints filed that the factual statements made in the Complaint were made despite the fact that either Plaintiff and/or her counsel knew they were not true. Litigation in federal court is not a game where parties and their attorneys can make up factual allegations without consequence. Cases such as these waste the Court's resources and prevent the Court from addressing actual cases and controversies and resolving actual disputes. Accordingly, the Court **DIRECTS** Plaintiff and her counsel to **SHOW CAUSE** in writing within five (5) days of the entry of this Order why the Court should not sanction Plaintiff and/or her counsel for violating Rule 11. The failure to show cause in writing within the time period allowed will result in the Court imposing sanctions against Plaintiff and/or counsel, including the possibility of requiring them to pay all of

Defendant's costs to date in defending this action, including attorneys fees. The Court may also consider requiring Plaintiff and/or her counsel to pay a fine to the Court.

III.   **Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss [# 9] and **DISMISS** this action because Plaintiffs lack standing to assert ADA claims against Defendant. The Court also **DIRECTS** Plaintiff and her counsel to **SHOW CAUSE** in writing within five (5) day of the entry of this Order why the Court should not sanction Plaintiff and/or her counsel pursuant to Rule 11 and/or the Court's inherent power.

Signed: November 26, 2012

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).